CV-10 1623

ORIGINAL

NEW YORK STATE SUPREME COURT
COUNTY OF SUFFOLK

SUZANNE M. KOVARIK,

Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
KIESEHEUER #5750, in his individual and
official capacities, AND POLICE OFFICER
KOST #5005, in his individual and official
capacities,

Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

Index No. (51)        ★    APR 12 2010    ★

COMPLAINT

LONG ISLAND OFFICE

FEUERSTEIN, S

BOYLE, M.

*JURY TRIAL DEMANDED*

Plaintiff, by and through her attorneys, The Law Offices of Frederick K. Brewington, as and

for her Complaint against the Defendants respectfully sets forth:

INTRODUCTION

1.    This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, false

arrest, false imprisonment, use of unreasonable and excessive force, abuse of process, assault,

battery, and gross negligence, brought pursuant to 42 U.S.C. § 1983 and the laws of the State of New

York.

2.    The Plaintiff alleges that the Defendants (collectively and individually) negligently,

wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his

Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing

acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of

the State of New York.

3.     Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully detained, kidnapped, harassed, physically assaulted, and used excessive force against Plaintiff SUZANNE KOVARIK.

4.     Plaintiff alleges that the Defendants (collectively and individually) used excessive force against Plaintiff and were grossly negligent in their handling of Plaintiff while in unlawful custody.

5.     Defendants were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff as described herein.

6.     Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers, employees, representatives, and/or agents. Moreover, plaintiff alleges that Defendants (collectively and individually) were deliberately indifferent to the need to train Officers. Accordingly, Defendants are liable to the Plaintiff for abuse of process, use of excessive force, for conspiring to condone and encourage such civil rights violations by failing to properly provide medical attention to plaintiff, and for maliciously failing to investigate and punish the actions of the individual Defendants.

7.     As a result of the Defendants' actions (or lack thereof), Plaintiff suffered extreme physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that she sustained at the hands of Defendants as a result of their use of excessive force. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, serious physical injuries, and other cost/expenses.

JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

9.      This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's

State Law claims pursuant to 28 U.S.C. § 1367. Prior hereto, on or about August 27, 2009, Plaintiff

filed an application within the courts of the State of New York to submit a late notice of claim as

against each municipal Defendant. The Honorable Peter H. Mayer granted the application to file the

late notice of claim on February 4, 2010 after oral argument was held. (Annexed hereto as Exhibit

"A" is a copy of the notice of claim.) Notice of Settlement of Order in accordance with Judge

Mayer's decision was submitted to the Court on or about February 24, 2010. Pursuant to the

provisions of Section 50-h of the General Municipal Law, the County of Suffolk conducted an

examination of the Plaintiff on April 1, 2010. While all obligations under Section 50 of the General

Municipal Law have been met, the County of Suffolk has failed to adjust the claims contained within

the notice of claim.

10.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based

on the fact that the place where the events and violations herein alleged occurred was in Nassau

County.

PARTIES

11.     During all times mentioned in this Complaint, Plaintiff SUZANNE KOVARIK is a

42 year old female, who resides in the County of Suffolk, State of New York.

12.     During all times mentioned in this Complaint, Defendant COUNTY OF SUFFOLK

(hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York,

and is/was the employer of the named police department and police personnel.

13.     During all times mentioned in this Complaint, Defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "SCPD") is an agency/entity of the COUNTY.

14.     Upon information and belief, POLICE OFFICER KIESEHEUER #5750 is/was a police officer and is/was employed by the COUNTY under the direction of the SCPD at the time of the incident herein.

15.     Upon information and belief, POLICE OFFICER KOST #5005 is/was a police officer and is/was employed by the COUNTY under the direction of the SCPD at the time of the incident herein.

<u>STATEMENT OF FACTS</u>

16.     Plaintiff SUZANNE KOVARIK resides with her husband and two sons at 4 Sheep Pasture Lane, Huntington, New York 11743.

17.     On or about April 14, 2009 at approximately 3:30 p.m., Plaintiff SUZANNE KOVARIK, called Emergency 911 at the request of her mother to assist Kelly Lyons, her brother, at his home in East Northport.

18.     Mr. Lyons was heavily medicated because he was suffering from a shattered elbow. On April 14, 2009, his medication was no longer available and, as a result, MS. KOVARIK was concerned for him because of the pain he was enduring from his injury.

19.     MS. KOVARIK became extremely worried and anxious because of her brother's suffering and reaction to the pain. Thus, MS. KOVARIK called 911. The female dispatcher from the SCPD stated that the police would send a unit over to her house right away. MS. KOVARIK responded that her brother was the one in need of assistance at his own home, and MS. KOVARIK requested that the police assist him there in East Northport.

-4-

20.     Instead of assisting her brother in East Northport as requested, SCPD officers arrived at MS. KOVARIK'S home in Huntington.

21.     While still very concerned for her brother, MS. KOVARIK told the SCPD police officers that it was her brother in East Northport who needed assistance, and that she was worried that her brother was now without the help she sought for him.

22.     Upon information and belief, the SCPD police officers present at MS. KOVARIK'S home were POLICE OFFICER KIESEHEUER and POLICE OFFICER KOST.

23.     Without any basis or explanation, the two SCPD police officers, KIESEHEUER and KOST, told MS. KOVARIK that she was under arrest.  MS. KOVARIK was utterly surprised and embarrassed, but, nevertheless, complied fully with the officers. MS. KOVARIK'S seventeen (17) year old son, James, who witnessed the interaction, brought MS. KOVARIK a pair of shoes before she was escorted away by the police.

24.     The reason for MS. KOVARIK'S arrest was never explained.  However, MS. KOVARIK was handcuffed and placed in the rear of an SCPD patrol vehicle by the police officers. At that time, she complained that the seatbelt was too tight, as it was pressed hard against her chest, breast, and shoulder.

25.     The officers started to transport MS. KOVARIK to where she assumed would be the 2nd Precinct, located on Park Avenue in Huntington, New York.

26.     During transport, MS. KOVARIK realized the police were driving on the Long Island Expressway.  Because MS. KOVARIK is knowledgeable of the area, she knew that the route to the 2nd Precinct did not include taking Round Swamp Road to the Long Island Expressway.

27.     MS. KOVARIK expressed her concern to the police that they were not en route to the 2nd Precinct.  Much to her disbelief, an SCDP officer responded that the police were taking her to Stony Brook Hospital, not the 2nd Precinct.

28.     The police would not respond to MS. KOVARIK'S follow up questions as to why MS. KOVARIK was being transported to Stony Brook Hospital, considering she was not injured or hurt in anyway.

29.     MS. KOVARIK became very nervous and uncomfortable, and the seatbelt continued to get tighter and apply more  pressure against her body.  She made this fact known to the police officers more than once.

30.     Prior to the incident described herein, MS. KOVARIK had a previous injury to her shoulder, which required surgery. Mr. Kovarik continues to experience pain in her shoulder as a result of her previous injury.  This fact was made known to the police officers by MS. KOVARIK, herself, and by her son, James, when she was placed under arrest at her home.

31.     As the police officers continued to ignore Ms. Kovarik, she was being choked by the strap and the strap was causing substantial pain and annoyance to the region of her body where she received the prior surgery and medical attention.

32.     MS. KOVARIK attempted to loosen the seatbelt. The SCPD officers were dismissive to the MS. KOVARIK'S requests for the officers to loosen the seatbelt.

33.     Accidently, the seatbelt unbuckled, about which MS. KOVARIK advised the police officers and instantly apologized and informed the officers in the vehicle that the seatbelt released. MS. KOVARIK'S hands were still cuffed behind her back.

34.     The officers pulled the vehicle over and stopped under an overpass, during this time MS. KOVARIK continued to apologize profusely for the inadvertence.

35.     Instead of just clipping in the seatbelt for MS. KOVARIK, one officer stepped out of the vehicle, opened up the rear passenger side door, pushed MS. KOVARIK'S head down, pulled her hair, groped her, and then repeatedly punched her in the face and head, no less than seven (7) times. The second officer let the abuse and assault proceed and then said, **"that's enough."** The first officer acknowledged the other officer and then took one last punch at MS. KOVARIK, knocking her unconscious.

36.     At no time did MS. KOVARIK attempt to escape from the patrol vehicle. From the moment MS. KOVARIK was arrested, she complied with Officers KIESEHEUER and KOST. In the police vehicle, when her seatbelt disconnected, she remained seated the entire time and informed the officers what happened.

37.     After being brutally attacked, MS. KOVARIK awoke in extreme pain in a hospital with her eyes covered and with restraints on her ankles and arms.

38.     After regaining consciousness, a nurse removed MS. KOVARIK'S eye cover. When MS. KOVARIK inquired as to her whereabouts and why she was suffering from so much pain, the nurse told her that the police officers who brought her to the hospital said that MS. KOVARIK wanted to commit suicide.

39.     MS. KOVARIK was astounded at the statement by the nurse, and even more astounded that the police would tell such outright lies. Nothing was further from the truth.

40.     The nurse continued to tell MS. KOVARIK that the police said that she had inflicted damage to herself and had caused injury and immense pain on her own face and head.

41.     The brutal assault by SCPD police officers required MS. KOVARIK to receive medical attention from Stony Brook. MS. KOVARIK suffered at least three (3) chipped teeth and loss of sensation in her left thumb from the abusive acts of the police officers. MS. KOVARIK also received stitches to her top lip. She continues to suffer from the injuries.

42.     MS. KOVARIK has never engaged in self-inflicted injuries or self-mutilating behavior, and has never had nor required psychological treatment; such a statement relayed by the nurse was an invidious lie contrived by the SCPD police officers to cover up their wrongful acts.

43.     While at the hospital, MS. KOVARIK requested that the restraints be removed, but the nurses told her that they could not be removed without the doctor's permission. However, after some time and subsequent requests, the metal restraints were replaced with leather restraints on MS. KOVARIK'S legs and velcro restraints on her arms.

44.     Well into MS. KOVARIK'S involuntary and forced hospitalization, she needed to use the bathroom. The hospital expected her to use a bedpan even though she is a grown woman, fully capable of walking to the restroom. Her requests to use the restroom were denied, and therefore, humiliated, MS. KOVARIK succumbed to try and use the bed pan. After numerous embarrassing failed attempts at using the bedpan, nurses spoke with a doctor who finally gave MS. KOVARIK permission to use the restroom instead of the bedpan as long as security was present. For forty-five (45) more minutes, MS. KOVARIK writhed in an uncomfortable state until security arrived. Four security guards and a nurse accompanied her to the restroom, denying her every sense of privacy and dignity.

45. Ten (10) hours after being brought to Stony Brook, at approximately 6:15 a.m. on April 15, 2009, the following morning without ceremony or explanation, MS. KOVARIK was released from the hospital.

46. MS. KOVARIK was never charged with any crime by Officers KOST and KIESEHEUER, and she was never diagnosed with any physical or mental condition by the staff at Stony Brook Hospital.

47. Further, MS. KOVARIK has seen various doctors and accordingly, one doctor "noted a scar on [her] upper lip that was obviously from a recent injury and subsequent suturing. The inside of [her] upper lip also showed signs of recent trauma. Clinical observation of [her] dentition revealed a fractured incisal edge on tooth #6 and lesser fractures on the incisal edits of teeth #s 7 & 8." Additionally, subsequent to the brutal attack, medical providers have identified and recorded that MS. KOVARIK suffered and continues to suffer "bruis[ing] [on] legs, facial laceration[s]...anxiety...PTSD...[and] insomnia."

48. MS. KOVARIK continues to suffer emotionally and physically, often coping with sleeplessness and night terrors, which affects her ability to function as she did before the incident.

### AS AND FOR A FIRST COUNT
42 U.S.C. § 1983 - FALSE ARREST

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 48 of this Complaint with the same force and effect as though fully set forth herein.

50. Any accusations of wrongful conduct against Plaintiff were improper and false, and were an attempt to disguise and cover-up the Defendant COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST'S wrongful conduct towards the Plaintiff, causing

a deprivation of her rights, privileges, and/or immunities secured by the Constitution and laws.

51.    Said wrongful conduct constituted a violation of Plaintiff's rights secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were intentional, negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious beatings, false arrest, false imprisonment, wrongful institutionalization, forced hospitalization and summary punishment, but failed to prevent same and breached their duty.

52.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to loss of esteem, great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

53.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

54.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 53 of this Complaint with the same force and effect as though fully set forth herein.

55.    Plaintiff was never accused of or charged with having engaged in illegal conduct and the Defendants' wrongful conduct illustrated the Defendants' predisposition to abuse, brutally beat and assault the Plaintiff.

56.     The vicious beating of Plaintiff by Defendants COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST constituted unreasonable and excessive force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to vicious and abusive police actions and false arrest, but failed to prevent same and breached their duty. This summary punishment and wrongful seizure was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution.

57.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

58.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

60.     Prior to April 14, 2009 and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons  by police officers of the SCPD and other local police departments within the

jurisdiction of the SCPD. Although such beatings, abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper. As a result, SCPD police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the COUNTY.

61.     In addition to permitting a pattern and practice of improper beatings and abuses in Suffolk County, the COUNTY and SCPD have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, false arrests, and excessive use of force by police officers.

62.     The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, abuse authority, use excessive force, and abuse civilians, and the COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway, therefore the COUNTY is liable under 42 U.S.C. § 1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the COUNTY and SCPD's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

63.     The COUNTY and SCPD have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

64.     Further, the COUNTY and SCPD, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  The COUNTY and SCPD also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the Grand Jury.

65.     Upon information and belief, specific systemic flaws in the COUNTY brutality review process include, but are not limited to, the following:

a.      Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.      Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.      Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the

-13-

investigation of the incident by the police department has been completed;

e.  Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

66.  The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and SCPD caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

67.  As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

68.  That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 - FALSE IMPRISONMENT

69.  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.  Any accusations of wrongful conduct against Plaintiff were improper and false, and were an attempt to disguise and cover-up the Defendant COUNTY, SCPD, POLICE OFFICER

-14-

KEISEHEUER and POLICE OFFICER KOST'S wrongful conduct towards the Plaintiff, causing a deprivation of her rights, privileges, and/or immunities secured by the Constitution and laws.

71.     The Defendants COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST  lacked probable cause to seize, arrest or retain Plaintiff in prolonged physical custody for a period of time.

72.     The vicious beatings, false arrest, false imprisonment, wrongful institutionalization, forced hospitalization and summary punishment against the Plaintiff by the Defendants were committed under color of the law.

73.     The Defendants acted under color of law to deny the Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection, and due process by falsely arresting, wrongfully detaining, unlawfully and falsely arresting and detaining the Plaintiff, for which there was no evidence or substantiation of any kind.

74.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

75.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 - EQUAL PROTECTION

76.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.     Any accusations of wrongful conduct against Plaintiff were improper and false, and were an attempt to disguise and cover-up the Defendant COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST'S wrongful acts towards the Plaintiff, causing a deprivation of her rights, privileges, and/or immunities secured by the Constitution and laws.

78.     The Defendants COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST lacked probable cause to arrest or retain Plaintiff in prolonged physical custody for a period of time.

79.     The vicious beatings, false arrest, false imprisonment, wrongful institutionalization, forced hospitalization and summary punishment against the Plaintiff by the Defendants were committed under color of the law, based on Plaintiff's gender.

80.     Plaintiff is and was a member of a protected class under the Constitution. Plaintiff's class may not be subjected to adverse discriminatory treatment based simply on membership in or identification with that class.

81.     The Defendants acted under color of law to deny the Plaintiff of her Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection, and due process by falsely arresting, wrongfully detaining, unlawfully and falsely imprisoning, and falsely labeling Plaintiff, for which there was no evidence or substantiation of any kind, based on her gender.

-16-

82.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

83.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1983 - ALTERNATE LIABILITY

84.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 83 of this Complaint with the same force and effect as though fully set forth herein.

85.     Defendants COUNTY and SCPD lacked justifiable reason and rational basis, and thereby engaged in  wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, causing deprivation of Plaintiff's rights, privileges, and/or immunities secured by the Constitution and laws. Plaintiff was made to suffer physical injuries, great pain, loss of esteem and suffering, and who was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the Defendant Officers' unlawful conduct.

86.     Plaintiff acknowledges that respondeat superior is not now a basis for COUNTY and SCPD's liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County

-17-

<u>Commissioners of Bryan County, Oklahoma v. Jill Brown</u>, 520 U.S. 597 (1997), and based upon the literature addressing the issue.

87.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

88.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

<u>AS AND FOR A SEVENTH COUNT</u><br>
NEGLIGENCE<br>
PENDENT JURISDICTION

89.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 88 of this Complaint with the same force and effect as though fully set forth herein.

90.     Defendant COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff. Defendant Police Officers had a duty not to beat, brutalize, wrongly institutionalize and/or hospitalize, falsely arrest, falsely imprison, or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent police officers, by not taking actions which would endanger the life of Plaintiff and not using excessive force or otherwise violating the Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

-18-

91.     Defendants COUNTY and SCPD, their agents, employees, and/or servants, violated the Plaintiff's rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to train, supervise, discipline, and investigate the Defendant Officers involved in the instant matter. Defendants COUNTY, SCPD, and "JOHN DOES 1-10" knew or should have known of the Defendant Officers' propensities for the conduct which caused substantial and severe injury to the Plaintiff.

92.     In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

93.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

<u>AS AND FOR AN EIGHTH COUNT</u>
BATTERY
PENDENT JURISDICTION

94.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 93 of this Complaint with the same force and effect as though fully set forth herein.

95.     SCPD POLICE OFFICERS KEISEHEUER and KOST, having illegally and unlawfully beat, abused, arrested and imprisoned Plaintiff, continued to violate the rights of the Plaintiff as well as the laws of the State of New York when while continuing the false imprisonment of Plaintiff, Defendant Officers subjected Plaintiff to additional battery.

96.     Defendant Officers wrongfully, unlawfully and without privilege, consent,

-19-

emergency, necessity, or justification, forced Plaintiff to endure beatings and physical abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

97.    Plaintiff was beat, brutalized, and physically abused against her will. Plaintiff committed no violation or crime and was not charged with any violation or crime.

98.    Defendant Officers did intentionally beat, brutalize, and abuse Plaintiff, placing her in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

99.    In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

100.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR A NINTH COUNT<br>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>PENDENT JURISDICTION

101.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 100 of this Complaint with the same force and effect as though fully set forth herein.

102.    The Defendant COUNTY, SCPD, POLICE OFFICER KEISEHEUER and POLICE OFFICER KOST, through their conduct, acts, and omissions acted outrageously and beyond the

-20-

bounds of decency for their respective roles in (a) wrongfully arresting, detaining, and punching MS. KOVARIK, and (b) concealing, covering up, and failing to redress the wrongs done to MS. KOVARIK. As a result, MS. KOVARIK has suffered great pain, shame, humiliation and anguish.

103.    The Defendants committed the above stated reprehensible, extreme and outrageous conduct against MS. KOVARIK, with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to MS. KOVARIK, with such extreme emotional harm being intended.

104.    Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, MS. KOVARIK, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiff further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that she was debilitated, humiliated, and caused to suffer fear for her life, well-being, and anguish by the acts of the Defendants.

105.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR A TENTH COUNT
DEFAMATION
PENDENT JURISDICTION

106.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 105 of this Complaint with the same force and effect as though fully set forth herein.

107.    Upon information and belief, on April 14, 2009, Defendant police officers KEISEHEUER and KOST subjected Plaintiff to defamatory, slanderous, and libelous acts causing

-21-

Plaintiff to be wrongly and falsely detained, held, bound, and imprisoned by agents and employees of Stony Brook University Medical Center.

108.    Upon information and belief, KIESEHEUER and KOST informed agents and employees of Stony Brook University Medical Center that Plaintiff (a) wanted to commit suicide, and (b) inflicted the damage, injury and pain to her face, head, and body.

109.    Said false, improper, and reckless statements and/or paperwork submitted by KIESEHEUER and KOST caused Plaintiff to be held, detained, bound, and imprisoned at Stony Brook University Medical Hospital.

110.    Specifically, upon information and belief, KIESEHEUER stated to the staff at Stony Brook University Medical Hospital on or about April 14, 2009 that Plaintiff "wanted to commit suicide" and "caused the injuries to herself."

111.    Specifically, upon information and belief, KOST stated to the staff at Stony Brook University Medical Hospital on or about April 14, 2009 that Plaintiff "wanted to commit suicide" and "caused the injuries to herself."

112.    In making his defamatory statements, KIESEHEUER and KOST, acting as agents for the COUNTY OF SUFFOLK, were grossly irresponsible because they knew that the defamatory statements were false and improper, and said Defendants recklessly disregarded their falsity.

113.    As a proximate cause of the false and defamatory statements of KIESEHEUER and KOST, acting as an agents for the COUNTY OF SUFFOLK, members of the public and agents and employees of Stony Brook University Medical Center were led to believe that Plaintiff engaged in self-inflicted injuries and/or self-mutilating behavior.

114.    As a proximate cause of the false and defamatory statements of KIESEHEUER and KOST, acting as an agents for the COUNTY OF SUFFOLK, Plaintiff has suffered permanent injury to her reputation, and  has suffered contempt, ridicule, and severe embarrassment, all of which required Plaintiff to be held, detained, bound, and imprisoned  by employees and agents of Stony Brook University Medical Center.

115.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.    on the First Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

b.    on the Second Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

c.    on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

d.    on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

e.    on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

f.    on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

g.    on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

h.    on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

i.    on the Ninth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

j.    on the Tenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

k.    Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

l.    Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

m.   Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

n.   Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

o.   Award such other and further relief as this Court may deem appropriate.

### *A JURY TRIAL IS HEREBY DEMANDED*

Dated: April 12, 2010
       Hempstead, New York

Respectfully submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
FREDERICK K. BREWINGTON
*Attorney(s) for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959