UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ASZ/5918

SUZANNE M. KOVARIK,

                      Plaintiff,                  ANSWER

      -against-                           CV10-1623 (SJF)(ETB)

COUNTY OF SUFFOLK, SUFFOLK COUNTY        JURY TRIAL DEMANDED
POLICE DEPARTMENT, POLICE OFFICER
KIESEHEUER #5750, in his individual and official
capacities, AND POLICE OFFICER KOST #5005, in
his individual and official capacities,

                      Defendants.

      Defendants, County of Suffolk, Suffolk County Police Department, Kieseheuer and Kost, by their attorney, Christine Malafi, Suffolk County Attorney, by Arlene Zwilling, Assistant County Attorney, answering the plaintiff's Complaint respectfully:

1.    Aver that the allegations contained in the paragraphs numbered 1, 2 and 8 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2.    Deny, upon information and belief, the allegations contained in paragraphs numbered 3, 4, 5, 6 and 7 of the Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 9 of the Complaint, except admit receipt of a purported notice of claim, and refer all questions of law to the Court.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,

1

23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the Complaint.

## AS TO THE FIRST COUNT

5.      Answering the paragraph numbered 49 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6.      Deny, upon information and belief, the allegations contained in paragraphs numbered 50, 51, 52 and 53 of the Complaint.

## AS TO THE SECOND COUNT

7.      Answering the paragraph numbered 54 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8.      Deny, upon information and belief, the allegations contained in paragraphs numbered 55, 56, 57 and 58 of the Complaint.

## AS TO THE THIRD COUNT

9.      Answering the paragraph numbered 59 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10.     Deny, upon information and belief, the allegations contained in paragraphs numbered 60, 61, 62, 63, 64, 65 and all subparts (a) through (e), 66, 67 and 68 of the Complaint.

## AS TO THE FOURTH COUNT

11. Answering the paragraph numbered 69 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

12. Deny, upon information and belief, the allegations contained in paragraphs numbered 70, 71, 72, 73, 74 and 75 of the Complaint.

## AS TO THE FIFTH COUNT

13. Answering the paragraph numbered 76 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Deny, upon information and belief, the allegations contained in paragraphs numbered 77, 78, 80, 81, 82 and 83 of the Complaint.

## AS TO THE SIXTH COUNT

15. Answering the paragraph numbered 84 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

16. Deny, upon information and belief, the allegations contained in paragraphs numbered 85, 86, 87 and 88 of the Complaint.

## AS TO THE SEVENTH COUNT

17. Answering the paragraph numbered 89 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

18.    Deny, upon information and belief, the allegations contained in paragraphs numbered 90, 91, 92 and 93 of the Complaint.

## AS TO THE EIGHTH COUNT

19.    Answering the paragraph numbered 94 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

20.    Deny, upon information and belief, the allegations contained in paragraphs numbered 95, 96, 97, 98, 99 and 100 of the Complaint.

## AS TO THE NINTH COUNT

21.    Answering the paragraph numbered 101 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

22.    Deny, upon information and belief, the allegations contained in paragraphs numbered 102, 103, 104 and 105 of the Complaint.

## AS TO THE TENTH COUNT

23.    Answering the paragraph numbered 101 of the Complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

24.    Deny, upon information and belief, the allegations contained in paragraphs numbered 107, 108, 109, 110, 111, 112, 113, 114 and 115 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

25.     That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

26.     That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

27.     That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

28.     That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

29.     That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

30.     That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

32. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

35. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

36. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

37. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

38. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

41. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

42. That the Suffolk County Police Department is not an entity susceptible to suit.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

43. That defendants are immune from liability herein pursuant to the provisions of the N.Y. Mental Hygiene Law.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      April 29, 2010

Yours, etc.

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By: _____
Arlene S. Zwilling/AZ-5918
Assistant County Attorney

To: The Law Offices of Frederick K. Brewington
    50 Clinton Street, Suite 501
    Hempstead, New York 11550
    (516) 489-6959