UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Docket No.:** 10-CV-1623
*The Honorable Sandra*
*J. Feuerstein, U.S.D.J.*

SUZANNE M. KOVARIK,

                                Plaintiff,

            -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, OFFICER
KIESEHEUER #5750, OFFICER KOST #5005,

                                Defendants.

## PLAINTIFF'S PROPOSED REQUESTS TO CHARGE

The Statute: 42 U.S.C. § 1983

    1.    In her lawsuit, plaintiff Suzanne Kovarik has sued the aforementioned police officers

of the County of Suffolk Police Department for money damages.  Ms. Kovarik alleges that these

defendants, acting under color of state law, deprived her of rights and privileges guaranteed by the

United States Constitution.

    2.    In a moment I will list for you the necessary elements that Ms. Kovarik must prove

in order to sustain her claims against the defendants, and your duty will be to determine whether

these necessary elements or facts have been established by a preponderance of the evidence.  But

first, I want to talk about the legal basis of Ms. Kovarik's claims.

    3.    Ms. Kovarik's suit against the defendants is based upon the Federal Civil Rights Act,

Title 42 of the United States Code, § 1983, which reads in relevant part:

> Every person who, under color of any statute, ordinance, custom or
> usage of any state subject or causes to be subjected, any citizen of the
> United States ... to the deprivation of any rights, privileges, or
> immunities secured by the constitution ..., shall be liable to the party

injured in an action at law ...

(Authority: 42 U.S.C. § 1983).


Elements of a Section 1983 Claim

4.      To establish a claim under Section 1983 against the individual defendant police

officers, Plaintiff must establish, by a preponderance of the evidence, each of the following three

elements:

>       First, that the conduct complained of was committed by the
>       defendants acting under color of state law;
>
>       Second, that in so acting, the defendants violated the constitutional
>       rights of Ms. Kovarik; and
>
>       Third, that the defendants' acts were the proximate or legal cause of
>       the injuries and consequent damages sustained by Ms. Kovarik.

I shall now examine each of the elements in greater detail (Authority: 4 L. Sand, J. Siffert, S. Reiss,

J. Sexton, J. Thorpe, Modern Federal Jury Instructions (1988) (hereinafter "Sand"), Instruction 87-

68)


First Element: "Under Color of Law"

5.      In this case it is not disputed that, as of April 14, 2009, the individual defendants were

acting in their official capacities as members of the County of Suffolk Police Department, and

therefore, were acting under color of state law.  The parties have agreed that Ms. Kovarik has

established this element, and you do not have to consider it.

6.      That does not end your inquiry.  You must still determine whether Ms. Kovarik

established, by a preponderance of the evidence, the remaining two elements of her § 1983 claims:

-2-

whether Kost and Kieseheuer actually deprived her of a constitutional right, and, if so, whether that deprivation "proximately caused" the injuries she claims that she sustained.

Second Element: Deprivation of a Constitutional Right

7.     The second element that Ms. Kovarik must prove by a preponderance of the evidence is that the defendants deprived her of her rights protected by the United States Constitution.  In order for her to establish this element, Ms. Kovarik must establish the following by a preponderance of the evidence: first, that the defendants committed the acts alleged by Ms. Kovarik; second, that those acts caused her to suffer the loss of a federal right; and third, that, in performing the acts alleged, the defendants acted intentionally or recklessly (Authority: Sand 87-74).

8.     I will first explain by what I mean that Ms. Kovarik must show that the defendants acted intentionally or recklessly.  Then I will explain what I mean by actions causing the loss of a constitutional right.

State of Mind – General

9.     To establish a claim under Section 1983, Ms. Kovarik must establish by a preponderance of the evidence that the defendants acted intentionally or recklessly (Authority: Sand 87-74).  An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or some other innocent reason (Authority: Id. 87-76).  An act is reckless if done in conscious disregard of its known probable consequences (Authority: Id. 87-77).

-3-

10.     In determining whether the defendants acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[1]

Loss of a Federal Right

11.     Ms. Kovarik claims that defendants Kost and Kieseheuer deprived her of rights and privileges secured and protected by the United States Constitution.  Specifically, she claims that they deprived her of the constitutional rights not to be deprived of liberty without due process of law and not to be subjected to unreasonable seizures thereby subjecting her to excessive force during transportation to Stony Brook Hospital.

False Arrest/False Imprisonment

12.     Ms. Kovarik seeks damages for false arrest.  A police officer commits a false arrest if he intentionally, and without the right to do so, arrests – or takes into custody – a person who is aware of the arrest and does not consent to it (Authority: Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

13.     Ms. Kovarik claims that on April 14, 2009 defendants Kost and Kieseheuer arrested her without a warrant and caused her to sustain damage.  Defendants Kost and Kieseheuer deny that Ms. Kovarik was unlawfully arrested, but contend that her detainment and transport to Stony Brook Hospital was lawful under the circumstances.

---

[1]     The instructions set forth in this paragraph were given by Judge Allyne R. Ross in Atkins v. City of New York, 91 CV 2465 (ARR) (E.D.N.Y. January 1995), *rev'd on other grounds*, 143 F.3d 200 (2d Cir. 1998).

14.     I instruct you that under federal law, a police officer has the right to arrest a person without a warrant whenever he or she has reasonable cause to believe that the person has committed a criminal offense.  Defendants Kost and Kieseheuer have the burden to prove that Ms. Kovarik committed a criminal offense (Authority: <u>Raysor v. Port Auth of New York & New Jersey</u>, 768 F.2d 34, 40 (2d Cir. 1985), <u>cert</u>. <u>denied</u>, 475 U.S. 1027 (1986); <u>Wu v. City of New York</u>, 934 F. Supp. 581, 586 (S.D.N.Y. 1996)).

15.     Reasonable or probable cause exists "when . . . the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime" (Authority: <u>Weyant</u>, 101 F.3d at 852 (citing, among other cases <u>Dunaway v. New York</u>, 442 U.S. 200, 208 n.9 (1979)).

16.     In determining whether probable cause exists, you are to look to the totality of the circumstances confronting the officer seeking to effectuate the arrest (Authority: <u>Illinois v. Gates</u>, 462 U.S. 213, 230-32 (1983)).  Again, I remind you that the defendants shoulder the burden of establishing probable cause.

17.     Further, where a plaintiff was involuntarily detained for psychiatric evaluation, probable cause exists for the arrest only if there are reasonable grounds for believing that the person "seized" is dangerous to herself or others.

18.     You have heard evidence that Ms. Kovarik was handcuffed, placed in a police cruiser, and transported to Stony Brook Hospital.

19.     If you find that the facts were as Ms. Kovarik claims, then you will find that defendants Kost and Kieseheuer falsely arrested her.  If, however, you find that the facts appeared to defendants Kost and Kieseheuer as they testified, and that reasonably prudent police officers would have believed

that those were the facts, you will find that there was no false arrest.

Excessive Force

20.     Ms. Kovarik also alleges that the conduct of defendants Kost and Kieseheuer deprived her of the constitutional right to be free from unreasonable seizures of her person.  The Fourth Amendment to the United States Constitution guarantees the right "to be secured in their person . . . against unreasonable . . . seizure" of the person.  An unreasonable seizure may include the use of excessive force while an individual is being detained by a police officer.

21.     The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  Not every push, shove or striking, even if it is forceful, and even if it may later seem to be greater than necessary, is a constitutional violation.  You must allow for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation.  The question is whether the officers' actions are "objectively reasonable" in light of all the facts and circumstances confronting them, without regard to underlying intent or motivation (Authority: Graham v. Connor, 490 U.S. 386 (1989)).

22.     Therefore, if you find that defendants Kost and Kieseheuer punched, beat, or battered, or allowed Ms. Kovarik to be punched, beat, or battered while transporting her to Stony Brook Hospital, and that such force was not objectively reasonable in light of all the facts and circumstances confronting them, your verdict will be for Ms. Kovarik against Kost and Kieseheuer.

Equal Protection

23.     The plaintiff claims that she was deprived of the constitutional right of equal protection under the law, falling under the Fourteenth Amendment to the United States Constitution.

24.     Plaintiff claims that while the defendants were acting under color of the law, they intentionally violated the plaintiff's constitutional rights under the equal protection clause of the Fourteenth Amendment of the Constitution when the defendants committed plaintiff and subjected her to excessive force because of plaintiff's gender and/or perceived mental disability.

25.     Under the Equal Protection clause of the Constitution of the United States, every citizen has the right to equal treatment and protection from discrimination under the law because of gender and/or perceived mental disability.

26.     The law further provides that persons may sue in this court for an award of money damages against a municipality which, "under color" of state law or custom, violated the plaintiff's rights under the constitution of the United States.

27.     Plaintiff must prove by a preponderance of the evidence that the defendants took wrongful actions against him because of or on account of plaintiff's gender and/or perceived mental disability. That is, that the plaintiff's gender and/or perceived mental disability was a substantial motivating factor in the defendants' decision to subject plaintiff to undue/excessive force. Plaintiff must show that the defendants knew of plaintiff's gender and/or perceived mental disability.

28.     The defendants may have taken action for one reason. If that one reason was plaintiff's gender and/or perceived mental disability, then you must find that the plaintiff's gender and/or perceived mental disability was a substantial or motivating factor in the defendants' decisions to commit and/or beat plaintiff.

Third Element – Proximate Cause

29.     The third element that Ms. Kovarik must prove by a preponderance of the evidence is that the actions of any of the defendants were a proximate cause of the injuries sustained by her. "Proximate cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Ms. Kovarik.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury.  In other words, if a defendants' acts or omissions had such an effect in producing an injury that reasonable persons would regard as being a cause of the injury, then the acts or omissions are a proximate cause (Authority: Sand 87-79).

30.     The two elements I have just described – that is, (1) deprivation of a constitutional right, and (2) proximate cause – must be established by Ms. Kovarik by a preponderance of the evidence for the constitutional claims asserted by her.


State Law Battery Claim

31.     One who in an offensive manner touches the person of another, without her consent and with the intention of causing offensive bodily contact to such other person, commits a battery and is liable for all damages resulting from her act (Authority: New York Pattern Jury Instructions "NYPJI" 3.3).

32.     Ms. Kovarik claims that defendant Kost committed a battery, or multiple batteries, when he punched, groped, and he engaged in unwanted physical contact with Ms. Kovarik numerous times during transportation in the rear of the police cruiser. In this regard, I instruct you that a battery can occur even if the contact is slight (Authority: Johnson v. Suffolk Co. Police Dept., 245 A.D.2d 340, 341,

665 N.Y.S.2d 440, 440-41 (2d Dep't 1997).

33.    Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result (Authority: P.I. 3:3). I emphasize that the intent which is an essential element of the action is intent to make contact, not intent to do injury (Authority: Villanueva v. Comparetto, 180 A.D.2d 627, 629, 580 N.Y.S.2d 30 (2d Dep't 1992).

34.    An offensive contact is one which offends a reasonable sense of personal dignity (Authority: Restatement, Second, Torts § 19).

35.    In sum, if you find that defendant Kost voluntarily punched, groped, and/or had unwanted physical contact with Ms. Kovarik, you will find that defendant Kost committed a battery (Authority: NYPJI 3:3).


State Law Negligence Claim

_____36.____Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

Plaintiff contends that defendants had a duty to:

[1]    Not to falsely charge, accuse, or identify plaintiff as a PMI;

[2]    Not to beat, punch, or batter plaintiff;

[3]    Not to wrongly commit plaintiff to Stony Brook Hospital;

-9-

[4]     Not to falsely arrest plaintiff;

[5]     Not to falsely imprison plaintiff; and,

[6]     Not to use undue/excessive force when physically restraining plaintiff

37.     Plaintiff contends that defendants had a duty to follow the County issued rules and procedures insofar as they pertained to detaining and transporting individuals with an alleged emotional illness. Plaintiff contends that defendants failed to follow the County issued rules and procedures which proximately caused Plaintiff's injuries.

38.     Plaintiff further contends that she was injured and/or caused to be damaged as a direct result of the above-stated alleged breaches of duty by defendants.

39.     Plaintiff also contends that she would not have been damaged/injured, but for the above-mentioned failures and breaches of duty by Defendants. In other words, Plaintiff contends that the damages, loss of money, emotional distress, and suffering she experienced were proximately caused and caused in-fact by Defendants' above-stated acts.

State Law Intentional Infliction of Emotional Distress Claim

40.     Plaintiff also brings a cause of action to recover damages for intentional infliction of emotional distress.  One who intentionally and for the purposes of causing severe emotional distress, recklessly conducts himself/herself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress.

41.     Intent involves the state of mind with which an act is done.  If a person acts voluntarily with a desire to bring about a result, he/she is said to have intended that result.  Further, although he/she has not desire to bring about the result, if he/she does the act knowing, with substantial certainty, that

-10-

the result will follow he/she is also said to have intended that result.  An act is reckless when it is done in such a manner and under such circumstances as to show utter disregard of the consequences that may follow.

42.     Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

43.     If you find, first that the defendants' conduct toward plaintiff was so outrageous and shocking that it exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that the defendants' conduct caused severe emotional distress to plaintiff, and third, that defendants acted with the desire to cause such distress to plaintiff; under circumstances known to defendants which made it substantially certain that result would follow; recklessly and with utter disregard of the consequences that might follow your finding on this issue will be for plaintiff.

44.     If on the other hand, you find, first, that defendants' conduct was not so outrageous and shocking as to exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate, or, second, that although it was, defendants' conduct did not cause severe emotional distress to plaintiff, or, third, that although defendants' conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, defendants did not act with the desire to cause such distress to plaintiff; nor under circumstances known to defendants which made it substantially certain that that result would follow; recklessly and with utter disregard of the consequences that might follow your finding on this issue will be for the defendants.

State Law Defamation Claim

45.     This is an action to recover damages for slander. Spoken words are slanderous if they tend to expose the plaintiff to public hatred, contempt, ridicule or disgrace and if they have caused

that person actual financial loss. The plaintiff claims that on April 14, 2009 the defendants, in the presence of Stony Brook Hospital personnel, said that Plaintiff: [1] wanted to commit suicide, and [2] caused the injuries to herself.

46.     To recover damages for slander, plaintiff has the burden of proving four elements. If the plaintiff has proved all four of these elements, you will decide in plaintiff's favor and then determine the amount of damages. However, if plaintiff failed to prove any one of the below elements, plaintiff may not recover.

47.     First, plaintiff must prove that the statement was defamatory, meaning that the statement had a tendency to expose the plaintiff to public hatred, contempt, ridicule or disgrace.

48.     Second, plaintiff must prove that the statement referred to the plaintiff, meaning that the statement would be reasonably understood to be about the plaintiff.

49.     Third, plaintiff must prove that defendant published or broadcast the statement, meaning that the defendant communicated the statement to someone other than the plaintiff.

50.     Fourth, plaintiff must prove that the statement was a substantial factor in causing plaintiff to suffer financial loss.

51.     The plaintiff has the burden of proving these elements by a "fair preponderance of the credible evidence." What does "a fair preponderance of the credible evidence" mean? The credible evidence means the testimony or exhibits that you find to be worthy of belief. A preponderance means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your mind. The law requires that, in order for the plaintiff to sustain his, her burden of proof as to each element, the evidence that

-12-

supports her claim must appeal to you as more nearly representing what took place than that opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. If the evidence favoring the plaintiff's claim as to any element outweighs the evidence opposed to it, then you must decide in favor of the plaintiff.

52.     The first question for you to decide is whether defendant's statement was defamatory. A statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff. A statement is also defamatory if it tends to discredit the plaintiff in the conduct of her occupation, profession, trade or office.

53.     Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which plaintiff complains would in fact be understood by the average person as defamatory.

54.     If you find that the statement did not tend to expose the plaintiff to public hatred, contempt, ridicule or disgrace or to discredit the plaintiff in the conduct of her occupation, profession, trade or office, then you need go no further and report to the Court. If you find from the evidence that the plaintiff has proved that the statement tended to expose the plaintiff to public hatred, contempt, ridicule or disgrace, then you must find the statement defamatory and proceed to consider the remaining elements.

55.     The second element that plaintiff must prove is that the statement referred to her, that

-13-

is, the plaintiff must prove that the statement was communicated to third persons who reasonably would have understood the statement to refer to the plaintiff.

56.     If you find that the statements would be commonly understood by such listeners from the content of the customary use of language and from facts about plaintiff known to such listeners, then you must consider the remaining elements of plaintiff's case. If you find that it would not be commonly understood by readers of average intelligence  and from facts about plaintiff known to such listeners, then you need proceed no further and report to the Court.

57.     If you find that defendant's statement was heard by someone other than the plaintiff, then you must proceed to consider the other elements of plaintiff's case. If you find that defendant's statement was not heard by someone other than the plaintiff, then you do not need to proceed further and report to the Court.

58.     The third element that plaintiff must prove is that defendant published the statement, that is, that the defendant's statement was heard by some person or persons other than the plaintiff.

59.     The next question for you to decide is whether the statement was false. A statement is false if it is not substantially true. Minor inaccuracies in the statement may be disregarded in determining whether the statement is false. You will determine from the evidence presented what the truth was and then compare that with the oral statement which you find was made by the defendant, taking that statement according to the ordinary meaning of the words. If you find that the statement was false, then you must proceed to consider the other elements of plaintiff's case. If you find that the statement was true, then you do not need to proceed further and report to the Court.

Generally on Damages[2]

60.     If you find that Ms. Kovarik has carried her burden of proving by a preponderance of the evidence that the defendants violated her constitutional rights, then you must consider the amount of damages which will fairly and reasonably compensate Ms. Kovarik for those injuries she sustained as a result of the violation of her rights.

61.     The fact that I instruct you on damages should not be considered as an intimation that you should find for Ms. Kovarik on her liability claims against any or all of the defendants.  It is for you to decide, based upon the evidence and the law as I have instructed you, whether Ms. Kovarik is entitled to recover against them.

62.     Ms. Kovarik seeks two types of damages, compensatory and punitive damages.  The terms almost explain themselves.

63.     The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss that resulted from the defendants' violations of Ms. Kovarik's rights.  You may award damages for those injuries that you find Ms. Kovarik has proven by a preponderance of the evidence to have been the direct result of culpable conduct by a defendant.

64.     These are known as "compensatory damages."  Compensatory damages seek to make Ms. Kovarik whole – that is, to compensate her for the damage that he has suffered and will continue to suffer.  Compensatory damages may include, for example, damages for pain and suffering, mental anguish, medical and legal expenses.

65.     In awarding compensatory damages, you must be guided by dispassionate common

---

[2]     Except as otherwise indicated, the instructions set forth in this section are adapted from those given by Judge Allyne R. Ross in Atkins v. City of New York, 91 CV 2465 (ARR) (E.D.N.Y. January 1995), *rev'd on other grounds*, 143 F.3d 200 (2d Cir. 1995).

sense.  Computing damages may be difficult; but you must not let that difficulty lead you to engage

in arbitrary guesswork.  On the other hand, the law does not require Ms. Kovarik to prove the

amount of her losses with mathematical precision, but only with as much definiteness and accuracy

as the circumstances permit.  In sum, your award of compensatory damages should reasonably

compensate Ms. Kovarik for such injury and damage as you find, from a preponderance of the

evidence in the case, that she has sustained or is reasonable likely to sustain in the future as a direct

result of the defendants' culpable conduct.

66.     As I mentioned before, you may also make a separate and additional award of

punitive damages.  The decision to award punitive damages rests solely in the jury's discretion.

67.     Punitive damages are awarded to punish defendants for extreme or outrageous

conduct, or to deter or prevent defendants, and others like them, from committing such acts in the

future.  You may award Ms. Kovarik punitive damages if you find that the acts or omissions of the

individual defendants were done maliciously or wantonly.

68.     An act or failure to act is maliciously done if it is prompted by ill will or spite toward

the injured person.  An act or  failure to act is wanton if done in a reckless or callous disregard of,

or indifference to, the rights of the injured person.  Ms. Kovarik has the burden of proving, by a

preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly

with regard to her rights.

69.     An intent to injure exists when a defendant has a conscious desire to violate federal

rights of which he or she is aware, or when he or she has a conscious desire to injure the plaintiff in

a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that cause

the plaintiff's injury, or to fail to undertake certain acts, does not itself establish that a particular

-16-

defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

70.     If you find by a preponderance of the evidence that any of the individual defendants acted with malicious intent to violate Ms. Kovarik's federal rights or unlawfully injure her, or if you find that any of the individual defendants acted with a callous or reckless disregard of her rights, then you may award punitive damages against any of the particular defendants.  An award of punitive damages is discretionary; if you find that the legal requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

71.     In making your decision whether to award punitive damages against a particular defendant, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded to punish individual defendants for outrageous conduct, or to prevent them and other members of the County of Suffolk Police Department from engaging in such conduct in the future (Authority: George v. Wade, 461 U.S. 30, 45 (1983)).

Compensatory Damages - Causation[3]

72.     If you find that the plaintiff is entitled to recover against any or all defendants, then you will have to determine the amount of damages that will fairly and reasonably compensate her for those injuries that you find the plaintiff has sustained as a result of any of her claims.  The plaintiff is entitled to recover the total amount of damages that she actually sustained as a direct consequence of the defendants' actions. These are known as compensatory, or actual damages. A plaintiff who prevails is entitled to compensatory damages for physical injury, pain, and suffering,

---

[3] This charge and the following four (4) were given in case of  Perez v. Slavin, CV-01-6201 (E.D.N.Y.) by the Hon. Sandra J. Feuerstein.

as well as for emotional distress, fear, personal humiliation, and indignation, and any loss of enjoyment resulting from a shortened life span.

73.     If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in violation of Sections 1983.  That is, you may not simply compensate plaintiff for any injury suffered by her; you must compensate plaintiff only for those injuries that are a direct result of defendants' conduct that violated the plaintiff's constitutional rights on which I have instructed you.

74.     Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of her constitutional rights. You may, however, compensate the plaintiff to the extent that you find that she was further injured by defendants' violations of her constitutional rights described to you.

75.     Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

76.     There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

Pain, Suffering, and Emotional Distress

77.     In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the

evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

Injury/Pain/Disability/Disfigurement/Loss of Capacity For Enjoyment of Life

78.     You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such a mental or physical pain or suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

Permanent Injuries

79.     If the plaintiff has established that her injuries, if any, are permanent, you must take that fact into consideration in fixing the amount of compensatory damages. You should take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time, and the period of time that the plaintiff can be expected to live.

Punitive Damages - Multiple Defendants

80.     In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the wrongdoer and others not to engage in that type of conduct in the future. Whether to award punitive damages, in addition to actual damages, is a matter exclusively within the discretion of you, the jury.

81.     If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for actual or nominal damages, and you further find that the conduct of defendants  Kost and Kieseheuer, which proximately caused injury or damage to the plaintiff, was maliciously,  wantonly, or oppressively done, then you may award an amount you unanimously agree to be proper as punitive damages.

82.     An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge toward the injured person.

83.     An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of the injured person.

84.     An act or a failure to act is "oppressively" done, if done in a way or manner that

-20-

injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of another person.

85.     In this case, there are two (2) individual defendants. You must make the decision whether to award punitive damages and, if so, the amount awarded, as to each individual defendant separately. In this regard there is no joint responsibility.

86.     Punitive damages may be allowed only if you should first unanimously award the plaintiff either actual or nominal damages against the particular defendant. The amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with regard to any party in the case.

87.     It is entirely within your discretion whether or not punitive damages should be awarded. You may decide that even though compensatory or nominal damages have been awarded, you believe that no punitive damages are called for.

88.     There is no objective yardstick for measuring the amount of punitive damages that should be awarded against a particular defendant. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendant and to create a deterrent example. The amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the defendant and to deter him or her and others from like wrongful conduct. You must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to the actual harm inflicted on the plaintiff. The amount of punitive damages awarded should not be based on whim or on unrestrained

-21-

imagination.[4]


Dated: September 14, 2010
          Hempstead, New York

                                        THE LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

                                        /s/
                                        _____
                                        VALERIE CARTRIGHT (VC7327)
                                        G. WILLIAM GERMANO, JR. (GG8268)
                                        *Attorney(s) for Plaintiff*
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 4889-6959

---

[4]Plaintiff reserves the right to amend the proposed request to charge at the conclusion of trial depending upon the evidence submitted to Court, with permission of the Court.

-22-