**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*ATTORNEYS AND COUNSELORS AT LAW*
**556 PENINSULA BOULEVARD**
**HEMPSTEAD, N. Y. 11550**

**TELEPHONE: (516) 489-6959**
**FACSIMILE: (516) 489-6958**

**FREDERICK K. BREWINGTON**

**IRA FOGELGAREN**

**GREGORY CALLISTE**
**VALERIE M. CARTRIGHT**
**G. WILLIAM GERMANO, JR.**
**MARJORIE MESIDOR**

May 17, 2011

**VIA ELECTRONIC CASE FILING**
Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Central Islip, New York

     re:    Kovarik v. County of Suffolk
              Docket No.: 10-CV-1623

Dear Judge Feuerstein,

    This office represents plaintiff in the above-referenced matter. We respectfully submit this letter in response to defendants' letter, dated today, requesting the Court to issue an order directing plaintiff to promptly produce the transcript of the deposition of defendant Police Officer Kost or preclude plaintiff from utilizing the transcript at trial.

    In short, this office is expecting to receive the transcript from the reporting agency by Thursday, May 19, 2011. The deposition of Officer Kost took place eight business days ago. Prior to the filing of her letter motion, the undersigned informed defense counsel that we do not yet have the transcript but expect to receive it from the agency on or before May 19, 2011. We are not in anyway withholding the transcript as defense counsel insinuates. Defense counsel did not order the transcript herself, and the normal turnaround period for deposition transcripts is 10 to 15 days. However, the transcript expected from the May 19, 2011 deposition of Officer Kieseheuer, as discussed below, is pre-ordered on an expedited basis at the defendants' request.

    This office noticed the defendant officers for depositions on February 2, 2011 and February 3, 2011, respectively. The defendants were not available and never produced for depositions before the close of discovery. There was a mutual agreement between the parties that defense counsel would produce the two named defendants after the close of discovery so that the parties would not have to burden the Court with a request for an extension of time to complete discovery. Plaintiff believed this to be a good faith effort by defense counsel to produce the officers in a timely fashion before the May 23, 2011 trial date.

*Judge Feuerstein*
*March 17, 2011*
*Page 2*

The agreement to produce the officers for depositions after the close of discovery was set forth on the record before Your Honor on March 10, 2011. Thereafter, this office noticed the defendants for depositions on April 6, 2011 and April 8, 2011, respectively. Defense counsel rejected the notice dates. In order to accommodate defense counsel's schedule and the defendant police officers' vacation schedules, their depositions were not scheduled until April 5, 2011 to take place on May 6, 2011.

Police Officer Kost's deposition lasted nearly six hours on May 6, 2011. Police Officer Kieseheuer, as well as Officer Kost, again had vacations scheduled for the nearly two weeks following the May 6th deposition and therefore Police Officer Kieseheuer is not available for deposition until May 19, 2011. Plaintiff remained available to conduct the deposition of Officer Kieseheuer at any point in time and made that very clear.

If defense counsel raises concern about the transcript from the May 6th deposition not being produced in a timely fashion, she will likely raise concern about the transcript created in the May 19th deposition of Officer Kieseheuer if it is not expedited and turned over by Friday, May 20, 20011, which plaintiff can certainly not guarantee. Therefore, in pursuit of finding a solution, we request that the trial currently scheduled for May 23, 2011 be adjourned two weeks in order to allow the two defendant police officers opportunities to received and review their deposition transcripts in accordance with Rule 30 of the Federal Rules of Civil Procedure prior to trial.

In the alternative, we respectfully request that the Court deny the defendants' request to preclude the use of any officers' deposition testimony.

                                              Respectfully submitted,

                                              G. WILLIAM GERMANO, JR.

cc:     Arlene Zwilling, Esq.