UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Docket No.:** 10-CV-1623 (SJF)

SUZANNE M. KOVARIK,

      Plaintiff,

  -against-

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT, OFFICER
KIESEHEUER #5750, OFFICER KOST #5005,

      Defendants.

## JOINT PRE-TRIAL ORDER

**PLAINTIFF'S ATTORNEY**
VALERIE M. CARTRIGHT  (VC7327)
G. WILLIAM GERMANO (GG8268)
LAW OFFICES OF FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

**DEFENDANT'S ATTORNEY**
ARLENE ZWILLING  (AZ/5918)
SUFFOLK COUNTY ATTORNEY'S OFFICE
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631)853-4049
Fax: (631)853-5833
Email: Arlene.Zwilling@suffolkcountyny.gov

## SUBJECT MATTER JURISDICTION

  This action is brought by Plaintiffs pursuant to 42 U.S.C. §§ 1983,1988, 2000d  et seq.,

the Fourth and Fourteenth Amendments to the United States Constitution, the New York State

1

Constitution, Article 1, § 11, et seq.. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3), 1391(b) and the aforementioned statutory provisions. Plaintiff also invokes the ancillary jurisdiction of this Court pursuant to 28 U.S.C. §1367, to hear and decide any and all claims arising under state law.

## SUMMARY OF CLAIMS AND AFFIRMATIVE DEFENSES

### Plaintiff's Claims

Plaintiffs seek to hold Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, OFFICER KIESEHEUER #5750, in his individual and official capacities, OFFICER KOST #5005, in his individual and official capacity, liable pursuant to 42 U.S.C. §1983 other laws. This action also seeks injunctive relief, monetary relief, including past and ongoing economic loss, compensatory damages, punitive damages, disbursements, costs and fees for the official and individual violations by the individual Defendants of 42 U.S.C. §1983 constitutional violations and other State causes of action.

### Defendants' Affirmative Defenses

1. That the Complaint fails to state a claim upon which relief can be granted.

2. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

3. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

4. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

5. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

6. That municipal defendants are not liable for punitive damage awards.

7. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

8. That defendants' actions, if any, were justified by the facts and circumstances presented.

9. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

10. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

11. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

12. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

13. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

14. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

15. That the Suffolk County Police Department is not an entity susceptible to suit.

16. That defendants are immune from liability herein pursuant to the provisions of the N.Y. Mental Hygiene Law.

## JURY/NON-JURY TRIAL

**Plaintiff's Statement:**

The Plaintiff agrees that this action is to be tried before a jury. The parties have not consented to try this case before a Magistrate Judge. Plaintiff anticipates that his case can be presented in 3-4 days.

**Defendants' Statement:**

The Defendants agree that this action is to be tried before a jury. The parties have not consented to try this case before a Magistrate Judge. Defendants anticipate that their case can be presented in 2 days.

## STIPULATIONS AND UNDISPUTED FACTS

Without waiving any objection as to the relevance of any of the following facts regarding liability and damages, the parties stipulate that the following facts are not in dispute:

1. During all times mentioned in this complaint, the defendant COUNTY OF SUFFOLK (hereinafter "COUNTY") was and still is a duly constituted municipal corporation of the State of New York and is and was the employer of the named police personnel.

2. During all times mentioned in this complaint, the defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT") was and is an agency of the COUNTY.

3. During all times stated herein, Defendant OFFICER KIESEHEUER #5750, (hereinafter "KIESEHEUER") was and still is a POLICE OFFICER in the Suffolk County Police Department, and at all times was acting in his official capacity and was employed by the COUNTY and POLICE DEPARTMENT acting under the direction of defendants COUNTY and the POLICE DEPARTMENT.

4. During all times stated herein, Defendant OFFICER KOST #5005, (hereinafter "KOST") was and still is a POLICE OFFICER in the Suffolk County Police Department, and at all times was acting in his official capacity and was employed by the COUNTY and POLICE DEPARTMENT acting under the direction of defendants COUNTY and the POLICE DEPARTMENT.

## PLAINTIFF'S WITNESSES

**Plaintiff's Fact Witnesses**

Plaintiff may call one or more of the following witnesses:

*Plaintiff reserves the right to call any and all witnesses on the respective witness lists of the defendants.*

    1.    Suzanne Kovarik

    2.    Police Officer Kost

    3.    Police Officer Keiseheuer

    4.    James Kovarik, Jr.

    5.    James Kovarik, Sr.

|   |     |                       |
|---|-----|-----------------------|
|   | 6.  | Joseph Kovarik        |
|   | 7.  | Dorothy Lyons         |
| * | 8.  | Richard Auer          |
| * | 9.  | Brian O'Lear, DDS     |
| * | 10. | Sergeant James Curley |
|   | 11. | Dr. Augustin          |
|   | 12. | Dr. Melvin Boskin     |
| * | 13. | Dr. Octavian Austriacu|

## PLAINTIFF'S EXPERT WITNESSES

**Plaintiff's Statement:**

Plaintiff does not designate anyone as an expert pursuant to the Federal Rules of Civil Procedure 26. However, Plaintiff reserves the right to call and produce treating doctors and or health care providers.

## DEFENDANTS' EXPERT WITNESSES

**Defendants' Witnesses:**

In addition to those persons listed on the list of plaintiff's fact witnesses, whom defendants reserve the right to call as witnesses whether or not called by plaintiff. Defendants intend to call the following persons as witnesses:

1) Ann Marie Aberman

2) Lisa Bonvino, D.O.

3) Kanan Modhwadia, M.D.

4) Eliot Newton, M.D.

5) Laura Fochtman, M.D.

6) representative of Stony Brook University Hospital

7) Vincent Panicola

8) Raffalle Maetta

**Defendant's Statement:**

Defendant does not designate anyone as an expert pursuant to the Federal Rules of Civil Procedure 26.  However, defendant reserves the right to call and produce treating doctors and or health care providers.

## DEPOSITION DESIGNATIONS

**Plaintiff's Designations:**

Plaintiff does not designate any deposition testimony to be offered in the case; except in the event of the unavailability of a witnesses or for impeachment purposes.

**Defendants' Designations:**

Defendant does not designate any deposition testimony to be offered in the case except in the event of the unavailability of a witness or for impeachment purposes.

## EXHIBITS

**Plaintiff's Exhibits**

*\* = exhibit as to which no party objects on grounds of authenticity*

*\*\* = exhibit as to which no party objects on any ground*

*Plaintiffs may offer the following exhibits in its case in chief (as well as exhibits identified by Defendants):*

1. Plaintiff's Complaint

2. Defendants' Answer

3. County of Suffolk Internal Affairs Bureau File, Case 3#09-297i

4. County of Suffolk Internal Affairs Bureau Files 1998-005 and 2000-0095

5. Defendants' Responses to Plaintiff's Interrogatories and Document Demands

6. Police Officer Keiseheuer's Field Report PDSC-1053c

7. Second Precinct Duty Chart for the 3 p.m. to 11 p.m. tour, April 12, 2009

8. Stony Brook CPEP Medical Records and Billing Records

9. Dental Medical Records and Billing Records from Brian O'Lear, DDS

10. Medical Records and Billing Records from Dr. Octavian Austriacu, Dr. Augustin, and Dr. Melvin Boskin

11. Letter from Civilian Complaint Review Board to Kovarik, dated May 5, 2009

12. CCRB Complaint (B.S. No. 11)

13. Plaintiff's Employment Records from Asplundh

14. Deposition Transcript of Police Officer Kost

15. Deposition Transcript of Police Officer Kieseheuer

16. Deposition Transcript of Suzanne Kovarik

17. Deposition Transcript of James Kovarik

18. Deposition Transcript of Joseph Kovarik

8

19. 50-h Transcript of Suzanne Kovarik

20. Suzanne Kovarik's Calendar Entries (B.S. Nos: 131-175)

21. CD containing recordings of the Police Department Communications Bureau radio transmission related to this case

22. Photographs of Ms. Kovarik

23. Suffolk County Policies and Procedures Order No. 08-16; R&P Ch. 2 § 11; R&P Ch. 16 § 10; Order No. 08-05; R&P Ch. 9 § 6;  R&P Ch. 16 § 1; R&P Ch. 9 § 2; Order No. 08-130; Order No. 04-89; Order No. 08-09; Order No. 08-08; Order No. 08-05; Order No. 08-133; Order No. 134; Order No. 08-159; Order No. 08-22;Order No. 09-03;  R&P Ch. 6 § 16; Order No. 08-135

**<u>Defendants' Exhibits</u>**

Defendants submit the following as and for their list of trial exhibits:

A. Internal Correspondence of defendant Kiesehauer dated April 15, 2009 (redacted).

B. Internal Correspondence of defendant Kost dated April 14, 2009 (redacted).

C. Subject Resistance Report dated April 15, 2009.

D. Mental Health Assistance Incident Report dated April 14, 2009.

E. Injured Employee Report dated April 14, 2009 (redacted).

F. Contact/Exposure Report dated April 14, 2009 (redacted).

G. Plaintiff's Employee Earnings Record.

\*    H. Medical records of defendant Kost from Stony Brook Hospital (redacted).

        I.  Suffolk County Police Department Communications Bureau audiotape.

\*      J.  Plaintiff's medical records from Stony Brook University Hospital.

        K.  Auto Locator System records for police vehicle 213.

        L.  Photographs of plaintiff.

\*      M.  Plaintiff's medical records from Huntington Hospital.

Dated:  Hempstead, New York  
        May 31, 2011

VALERIE M. CARTRIGHT, ESQ.  
G. WILLIAM GERMANO, ESQ.  
LAW OFFICES OF FREDERICK K. BREWINGTON  
*Attorney for Plaintiff*  
556 Peninsula Boulevard  
Hempstead, New York 11550  
       /S/  
_____  
VALERIE M. CARTRIGHT  (VC7327)


ARLENE ZWILLING, ESQ.  
SUFFOLK COUNTY ATTORNEY'S OFFICE  
*Attorney for Defendants*  
H. Lee Dennison Building  
100 Veterans Memorial Highway  
P.O. Box 6100  
Hauppauge, New York 11788-0099

       /S/  
_____  
ARLENE ZWILLING (AZ/5918)